United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COAST TO COAST INVESTMENTS, LLC,
Plaintiff,

v.

SERGIO L. LUNA, et al.,
Defendants.

Case No. 14-cv-00131-WHO

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REMANDING COMPLAINT FOR LACK OF JURISDICTION**

Re: Dkt. Nos. 1, 3

Currently before the Court is defendant Pedro Garcia's application to be allowed to proceed In Forma Pauperis (IFP) in this case which was removed by defendants from the Superior Court for the County of Contra Costa. Docket No. 3. The Court GRANTS the application to proceed IFP. The Court finds that the removing defendants are unable to pay the removal fee and should be permitted to proceed in federal court without such payment. 28 U.S.C. § 1915(a).

However, even if an applicant qualifies for IFP status, the court must examine the case, and in this case the notice of removal, to ensure that the action contains cognizable and non-frivolous claims that can be pursued in this Court. *Id.* § 1915(e)(2)(B). The court may dismiss an IFP action if the Court determines the action fails to meet those standards. *Id.* In addition to the Court's duty to examine the merits of an action under the IFP statute, the Court also has an independent duty to determine whether it has jurisdiction. In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009).

There are numerous problems with the notice of removal that require *sua sponte* remand to state court.

United States District Court
Northern District of California

**1. Removal Was Untimely**

Defendants were not initially named as defendants in the state court unlawful detainer action, but subsequently became parties by filing prejudgment claims of right of possession to the property at issue, a motion to quash service of the unlawful detainer summons, and a demurrer to the unlawful detainer complaint in August 2013. *See* Notice of Removal, Docket No. 1 at pgs. 17-20, 21-24, 45-49. Under 28 U.S.C. § 1446, defendants were required to remove this action within thirty days after it became ascertainable that the case could be removed. Defendants, however, filed the Notice of Removal on January 9, 2014, which is significantly more than 30 days after August 2013. The removal, therefore, was untimely and the case can be remanded on this ground alone. *See* 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the removal procedure).

**2. California Defendants Cannot Remove an Action Based on Diversity Jurisdiction**

The Court also lacks subject matter jurisdiction on the basis of diversity jurisdiction. A federal court may not exercise diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen in the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, in the Notice of Removal the defendants admit they are residents of California. Docket No. 1 at 2. Based on that admission, the Court cannot exercise jurisdiction over this case.

**3. There is no Federal Question Jurisdiction**

The Court also lacks subject matter jurisdiction on the basis of federal question jurisdiction because no federal question is raised in the state court unlawful detainer complaint. "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La*., 522 U.S. 470, 475 (1998). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id*.

California federal courts have repeatedly held that unlawful detainer cases brought under

California Civil Code Section 1161 do not raise federal questions. *See, e.g.*, *Bank of Am., N.A. v. Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012). Plaintiff Coast to Coast's complaint is one for unlawful detainer under California law and does not raise or present a federal question that confers subject matter jurisdiction on this Court.

For the foregoing reasons, the Court finds that this case was improperly removed from state court and REMANDS this action back to the Superior Court for Contra Costa County. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 15, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

COAST TO COAST INVESTMENTS LLC,

Plaintiff,

v.

SERGIO L. LUNA et al,

Defendant.

/

Case Number: CV14-00131 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the persons hereinafter listed, by depositing said envelope in the U.S. Mail.

Jennifer Garcia and
Pedro Garcia
2392 Brandon Miles Way
Brentwood, CA 94513

Dated: January 15, 2014

Jean M. Davis
Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk